# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK E. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-676-TCK-FHM |
| ) | |
| MIKE ADDISON, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's Motion to Dismiss Petition for Habeas Corpus as Petitioner is not "In Custody" and/or the Petition is Time Barred or Successive (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 9) to the motion. Respondent's motion to dismiss is premised on Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), or in the alternative, on 28 U.S.C. § 2244(d), imposing a one-year limitations period on habeas corpus petitions, or on § 2244(b), limiting consideration of claims raised in a second or successive petition. For the reasons discussed below, the Court lacks jurisdiction to consider a direct challenge to the conviction entered in Tulsa County District Court, Case No. CRF-81-1315 since Petitioner was not "in custody" pursuant to that conviction when he commenced this action. The Court further finds that to the extent Petitioner challenges his current convictions, entered in Tulsa County District Court, Case No. CRF-89-3106, by arguing that his sentences were improperly enhanced with the allegedly invalid conviction, the petition is a second or successive petition and the claim is time barred. For those reasons, Respondent's motion to dismiss shall be granted.

## *BACKGROUND*

In his petition, Petitioner directly challenges the validity of his conviction entered in Tulsa County District Court, Case No. CRF-81-1315. The record provided by Respondent reflects that

on July 29, 1985, Petitioner was convicted in that case on his plea of guilty of Accessory to First Degree Murder, After the Fact.[1] See Dkt. # 8, Ex. 2. He was sentenced to five (5) years imprisonment. See id. Petitioner does not allege that he was not represented by counsel during the entry of his plea. See Dkt. # 1. Also, Petitioner admits that he did not move to withdraw his guilty plea and did not otherwise appeal the guilty plea.

It appears that Petitioner failed to challenge his conviction entered on his plea of guilty in Case No. CRF-81-1315 until May 3, 2006, when he filed an application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 2. By order filed May 17, 2006, the state district court denied the requested relief. Id. Petitioner appealed the denial of relief to the OCCA. By order filed September 12, 2006, in PC-2006-644 (Dkt. # 8, Ex. 2), the OCCA considered the merits of Petitioner's claim, determined that "Petitioner's post-conviction claim falls short of establishing that there was any lack of jurisdiction when the District Court entered Judgment and Sentence," and affirmed the denial of post conviction relief.

On November 18, 2008, or more than two (2) years after the OCCA affirmed the denial of post-conviction relief, Petitioner filed the instant petition for writ of habeas corpus. (Dkt. #1). He claims that the state district court lacked subject-matter jurisdiction to convict and sentence him on the amended charge of Accessory to First Degree Murder, After the Fact. He further complains that

---

[1] Petitioner was originally charged and convicted by a jury of First Degree Murder. He appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). The state appellate court found that Petitioner's incriminating statement made to law enforcement officials, was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments, and should have been suppressed. See Lewis v. State, 695 P.2d 528 (Okla. Crim. App. 1984). Therefore, the judgment and sentence was reversed and remanded for a new trial. On remand, the information was amended, apparently orally in open court, to Accessory to First Degree Murder, After the Fact. Petitioner entered a guilty plea to the amended information.

the allegedly invalid conviction entered in CRF-81-1315 was used to enhance his "present sentence." Id. As indicated above, Respondent filed a motion to dismiss alleging that Petitioner is no longer in custody as a result of the conviction entered in CRF-81-1315. In reply (Dkt. # 9), Petitioner argues that he satisfies the second exception outlined by the Supreme Court in Lackawanna County Dist. Atty v. Coss, 532 U.S. 394, 403-04 (2001), and that his claim is of jurisdictional magnitude.

*ANALYSIS*

**A. Exhaustion**

The Court's initial inquiry in this case, as in every § 2254 habeas case, is whether Petitioner has exhausted available state remedies for his claim. See 28 U.S.C. § 2254(b). Habeas corpus relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254 (b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). To the extent Petitioner brings a direct challenge to his conviction entered in CRF-81-1315, the Court finds Petitioner has satisfied the exhaustion requirement by presenting his claim to the state courts in his application for post-conviction relief filed in Case No. CRF-81-1315. Nothing in the record indicates, however, that Petitioner has exhausted state remedies for a claim of improper enhancement as to his sentences entered in CRF-89-3106.

**B. This Court lacks subject matter jurisdiction to consider direct challenge to CRF-81-1315**

Petitioner concedes that he was not "in custody" as a result of the conviction entered in CRF-81-1315 when he filed his petition in this case. For that reason, the Court lacks jurisdiction to consider Petitioner's claim to the extent it is a direct challenge to his conviction entered in CRF-81-1315. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488 (1989); Lackawanna County Dist. Atty v. Coss, 532 U.S. 394 (2001).

**C. Improper enhancement claim is successive and time-barred**

To the extent Petitioner claims that his convictions entered in CRF-89-3106 were improperly enhanced with the allegedly invalid conviction entered in CRF-81-1315, the Court lacks jurisdiction in this case because this petition is a second or successive petition.[2] A review of Petitioner's previous case filings reveals that he has in the past filed another habeas corpus action in this Court challenging his convictions in Case No. CRF-89-3106.[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a "gatekeeping" procedure for second or successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, a petitioner must first

---

[2]If this were Petitioner's first habeas petition, the Court would have jurisdiction to review the claim that an expired sentence was improperly used to enhance a sentence currently being served. See Maleng, 490 U.S. at 493-94 (1989); Coss, 532 U.S. at 403-04. However, review would be limited to two narrow circumstances: where the expired conviction was obtained (1) without the assistance of appointed counsel, or (2) under circumstances in which the petitioner "can[not] be faulted for failing to obtain timely review of a constitutional claim" because no avenue of review was available. Coss, 532 U.S. at 404-05.

[3]The Court's records show that Petitioner filed a 28 U.S.C. § 2254 habeas corpus petition in Case No. 98-CV-715-TCK, challenging his convictions entered in Tulsa County District Court, Case No. CRF-89-3106. By Order filed August 10, 1999, Petitioner's petition for habeas corpus relief was dismissed with prejudice as barred by the statute of limitations. See Dkt. # 8, Ex. 3. The Court entered judgment in favor of Respondent on August 11, 1999. Petitioner appealed to the Tenth Circuit Court of Appeals. On December 20, 1999, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 8, Ex. 4.

seek authorization from the Court of Appeals before filing a second or successive habeas petition in the District Court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing in the record indicates that Petitioner received authorization from the Tenth Circuit Court of Appeals before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the petition filed in this case, the Court finds that the claim raised in the petition is time-barred. As a result, it would be a waste of judicial resources to transfer the petition. Petitioner asserts that his sentences in Case No. CRF-89-3106 were improperly enhanced with the allegedly invalid conviction entered in Case No. CRF-81-1315. Petitioner's claim is not

5

based on new evidence or an intervening change in law. Petitioner's claim relates to his sentence and is based on facts available at the time of sentencing. Petitioner's convictions entered in CRF-89-3106, became final more than fifteen (15) years ago and his claim is clearly time barred.[4]

Furthermore, nothing suggests that Petitioner is entitled to equitable tolling of the one-year limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The record cited by the Court clearly demonstrates that Petitioner did not diligently pursue his claim for purposes of federal habeas corpus review. Petitioner offers no explanation for his lack of diligence in pursuing his claim. Therefore, Petitioner's claim challenging enhancement of his

---

[4]In N.D. Okla. Case No. 98-CV-715-TCK, this Court stated that the OCCA affirmed Petitioner's convictions on March 25, 1993, and that he did not file a petition for writ of *certiorari* at the United States Supreme Court. Therefore, Petitioner's one-year limitations period for habeas corpus relief expired on April 24, 1997, or one-year after enactment of the AEDPA. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). Nothing in the record suggests that Petitioner challenged enhancement of his sentence by seeking post-conviction relief in Case No. CRF-89-3106 during the limitations period. Therefore, his one-year period was not tolled under § 2244(d)(2).

sentences in Case No. CRF-89-3106 is time-barred. Because the improper enhancement claim asserted in this successive petition for writ of habeas corpus is untimely, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed.

## *CONCLUSION*

To the extent Petitioner brings a direct challenge to his conviction entered in Tulsa County District Court, Case No. CRF-81-1315, the Court lacks jurisdiction to consider his claim because he is not "in custody" pursuant to that conviction. Petitioner is "in custody" pursuant to sentences entered in Tulsa County District Court, Case Nos. CRF-89-3106. To the extent Petitioner claims his sentences entered in Case No. CRF-89-3106 were improperly enhanced with the allegedly invalid conviction entered in CRF-81-1315, Petitioner's claim is successive and barred by the one-year statute of limitations. For those reasons, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss habeas corpus petition for lack of jurisdiction or alternatively, as a time-barred successive petition (Dkt. # 7) is **granted**.
2. The petition for writ of habeas corpus(Dkt. #1) is **dismissed with prejudice**.
3. A separate judgment shall be entered in this case.

DATED THIS 13th day of January, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE